*1264 OPINION.
Smith :
There is no prohibition in the statutes of South Dakota against husband and wife entering into a valid partnership agreement. Section 171 of the Revised Code of South Dakota, 1919, in effect during the years 1919 and 1920, provides:
Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.
The statutes also provide that where a partnership is conducted under a fictitious name, the names of the partners shall be filed with proper county authorities, but the Supreme Court of the State has held in the case of Bovee v. DeJong, 22 S. D. 163; 116 N. W. 83, “ that a noncompliance with the requirement has no invalidating effect upon partnership transactions, as a compliance at any time removes all prior disability.”
We can not doubt from the evidence of record that the taxpayer and Mary C. Horigan, who later became the taxpayer’s wife, entered into a partnership agreement for the conduct of a hospital at Water-town, S. Dak., in the spring of 1911, prior to the date of their mar-riageon May 24, 1911. The marriage of the parties did not necessarily dissolve the partnership. It apparently was the intention of both parties that the partnership should continue. We think that the evidence proves the existence of a partnership between the taxpayer and his wife, Mary C. Bartron, during the years 1919 and 1920, and that the tax liability of each should be determined upon the basis that each one had a distributive share in the earnings of the partnership of one-half of the total.
Order of redetermination will ~be entered on 15 days’ notice, wider Rule 50.